UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT E. DIAMOND, JR. and ATLAS MERCHANT CAPITAL LLC,

                    Plaintiffs,

-v-

TRILLER GROUP, INC.,

                    Defendant.

25 Civ. 129 (PAE)

ORDER OF
DEFAULT JUDGMENT

---

PAUL A. ENGELMAYER, District Judge:

On January 7, 2025, plaintiffs sued Triller Group, Inc. ("Triller") for claims centrally related to constructive discharge. Dkt. 1. On January 8, 2025, plaintiffs served Triller with process. Dkt. 5. On July 29, 2025, counsel for Triller moved to withdraw, citing non-payment of outstanding legal fees.[1] Dkts. 27–28. On July 31, 2025, the Court granted in part and denied in part Triller's motion to dismiss. Dkt. 30. Because Triller as a corporation could not proceed *pro se*, on August 4, 2025, the Court granted Triller three weeks to retain new representation, observing that, should Triller continue unrepresented thereafter, the Court would be compelled to entertain plaintiffs' motion for default judgment on account of Triller's failure to defend the lawsuit. Dkt. 34. The Court further directed counsel for Triller to serve its Order, Dkt. 34, on Triller and to file a sworn declaration attesting the dates and means of such service. *Id*. at 2. On

---

[1] Counsel for Triller stated that, on June 16, 2025, he emailed Wing-Fai Ng, Triller's chief executive officer, and Desmond Pei Huang Shu, Triller's chief financial officer, representing that if no payment or installment payment plan as to the outstanding legal fees were provided, counsel would seek to withdraw from representing Triller in this lawsuit. Dkt. 28 ¶ 9. Counsel further stated that although neither Ng nor Shu responded to this email, in July 2025 another attorney at counsel's firm made contact with Ng, who did not indicate that Triller would pay the outstanding legal fees counsel was due. *Id*. ¶ 10.

1

August 6, 2025, counsel for Triller represented to the Court that he had affected service on Triller of the Court's Order: first, by means of electronically transmitting the Order to Wing-Fai Ng, Triller's chief executive officer, and Desmond Pei Huang Shu, Triller's chief financial officer and, second, by executing service on Triller's registered corporate agent.[2] Dkt. 37 at 1. On August 22, 2025, Triller's counsel wrote to the Court "on behalf" of Triller to request an extension until September 15, 2025 for Triller to obtain alternate representation, in order for Triller to "secure financing necessary to engage counsel." Dkt. 39. That same day, the Court granted the extension request and, again, ordered counsel for Triller to serve Triller with a copy of its Order and to file a sworn declaration attesting the dates and means of such service. Dkt. 40. On August 29, 2025, counsel for Triller stated that he served a copy of the Court's latest Order on Triller both by electronically transmitting the Order to Ng and Shu and by executing service on Triller's registered corporate agent.[3] Dkt. 41. On September 16, 2025, counsel for Triller notified the Court that "despite reminding Triller of [the Court's September 15, 2025] deadline" to secure new counsel, he had not been informed by Triller as to the status of any successor counsel. Dkt. 42. Counsel for Triller electronically transmitted a copy of this letter to the Court to Ng and Shu. *Id*. On September 17, 2025, the Court granted the motion by counsel for Triller to withdraw and further directed outgoing counsel to supply a copy of its Order to Triller. Dkt. 43.

---

[2] On August 7, 2025, counsel for Triller filed a notarized affidavit of service stating that on August 5, 2025 at 2:01 p.m., service had been affected on Triller's registered corporate agent, who stated "she was authorized to accept service on behalf of the Corporation." Dkt. 38.

[3] On August 29, 2025, counsel for Triller filed a notarized affidavit of service representing that, on August 26, 2025 at 12:32 p.m., service had been affected on Triller's registered corporate agent, who stated "he was authorized to accept service on behalf of Triller Group, Inc." Dkt. 41.

On October 1, 2025, plaintiffs obtained a Clerk's Certificate of Default. Dkt. 47. On October 14, 2025, plaintiffs filed a motion for default judgment. Dkts. 48–50. On October 16, 2025, the Court found the papers in support of plaintiffs' motion in good order. Dkt. 53. The Court ordered Triller, if it wished to oppose the motion, to enter an appearance and file an opposition to plaintiffs' motion for default judgment by November 6, 2025. *Id.* The Court ordered plaintiffs to serve the October 16, 2025 Order on Triller forthwith and to file proof of their service. *Id.* Plaintiffs did so.[4] Dkts. 54, 55. To date, Triller has not entered an appearance or otherwise opposed plaintiffs' motion.

The Court has reviewed plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), Dkt. 48, and the associated supporting affirmation, Dkt. 50. Because Triller has failed to appear through new counsel, despite notice of the consequences such failure would have on Triller's ability to defend the instant suit, and because Triller failed to appear to

---

[4] On October 30, 2025, plaintiffs filed a supplemental certificate of service setting out the steps taken to serve Triller with the default judgment motion and the Court's October 16, 2025 Order. Dkt. 55. Plaintiffs stated that they served these documents on Triller's registered corporate agent on October 15 and 17, 2025, respectively. *Id*. at 1. On October 28, 2025, plaintiffs received a notice of rejected service, stating that Triller is "either discontinued on [their] records and/or inactive with the Secretary of State." *Id*. at 1–2. A corporation, however, is obligated to keep on file with the Secretary of State the current address of an agent to receive service of process. *Briggs Ave LLC v. Ins. Corp. of Hannover*, No. 5 Civ. 4212, 2006 WL 1517606, at *5 (S.D.N.Y. May 30, 2006), *aff'd sub nom. Briggs Ave. L.L.C. v. Ins. Corp. of Hannover*, 550 F.3d 246 (2d Cir. 2008). The First and Second Department have observed that failure to maintain an up-to-date address with the Secretary of State, "will not constitute reasonable excuse to vacate a default judgment. . . .[because] service of process on a corporation is deemed complete when the Secretary of State is served, regardless of whether such process ultimately reaches the corporate defendant." *Cedeno v. Wimbledon Bldg. Corp.,* 615 N.Y.S.2d 40, 40 (2d Dep't 1994) (citation omitted); *see also Majada Inc. v. E&A RE Cap. Corp.*, 170 N.Y.S.3d 18, 18 (1st Dep't 2022). On October 29, 2025, plaintiffs attempted to serve Triller by messenger delivery to certain executive officers, consistent with Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1), and learned that the last known address for Triller had been vacated. Dkt. 55 at 2. On October 30, 2025, plaintiffs mailed copies of the default judgment motion and the Court's October 16, 2025 Order to Triller's last known address, consistent with state laws governing service of process. *Id*. at 2–3.

contest entry of a default judgment, the Court enters a default judgment, as to liability, for plaintiffs against Triller.

As to damages, the Court's judgment is that most aspects of plaintiffs' damages appear readily calculable, so as not to require an inquest. As to the stock award, the Court wishes to confirm that plaintiffs seek the issuance of a defined number (5,950,705) of shares of Triller common stock, as opposed to monetary damages reflecting the fair value of such shares. Plaintiffs are to notify the Court by letter as to this point. If plaintiffs so confirm, the Court expects to issue a default judgment as damages, without the need for an inquest.

The Court respectfully directs the Clerk of the Court to terminate the motion pending at docket 48.

SO ORDERED.

                                                                                    PAUL A. ENGELMAYER
                                                                                   United States District Judge

Dated: November 10, 2025
       New York, New York