UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT E. DIAMOND, JR. and ATLAS MERCHANT CAPITAL LLC,<br>Plaintiffs,<br>-v-<br>TRILLER GROUP, INC.,<br>Defendant. | 25 Civ. 129 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

This order resolves plaintiffs' unopposed application for attorney's fees incurred and disbursements made in enforcing the Court's November 18, 2025 judgment (the "Judgment"). Dkt. 68. Plaintiffs seek $67,577.45 in connection with their successful motion to enforce an order directing the transfer of 5,950,705 shares of common stock and the payment of $2,046,521.97 in damages. *Id.* ¶ 4.

A district court, whether in imposing a sanction to coerce compliance or to remedy past noncompliance, has wide discretion in awarding "appropriate attorney fees and costs to a victim of contempt." *A Royal Flush, Inc. v. Arias*, 855 F. App'x 23, 27 (2d Cir. 2021) (summary order) (quoting *Weitzman v. Stein*, 98 F.3d 717, 719–20 (2d Cir. 1996)). "When deciding whether to award fees, courts have focused on the willfulness of the contemnor's misconduct." *Id.* (citations omitted). Here, plaintiffs have persuasively shown that defendant Triller Group, Inc. ("Triller"), for more than six months, took no steps whatsoever to satisfy its obligations pursuant to the Judgment. Dkt. 61 at 2. Triller did not respond to a written demand from plaintiffs' counsel, direct its designated transfer agent to act, or issue the shares identified in the Judgment. *Id.* at 2–3. And no active member of Triller's Board, when contacted by plaintiffs regarding the

Judgment, responded or otherwise directed Triller's transfer agent to perform on the Court's judgment. *Id.* at 3. Faced with such stonewalling, plaintiffs were compelled to pursue relief under Federal Rule of Civil Procedure 70(a) to rectify "Triller's willful and prolonged failure to comply with the Judgment." Dkt. 68 at 1.

Plaintiffs' submissions in support of their application for recompense for the costs imposed by Triller's obstinate noncompliance are in good order. *See New York State Ass'n for Retarded Children v. Carey,* 711 F.2d 1136, 1147–48 (2d Cir. 1983). In calculating attorney's fee awards, district courts evaluate the hours reasonably expended multiplied by a reasonable hourly rate. *See A.R. ex rel. R.V. v. New York City Dept. of Ed.,* 407 F.3d 65, 79 (2d Cir. 2005). Plaintiffs have submitted contemporaneous time records, affidavits, and other materials amply supporting the hours reasonably expended on their motion to enforce the Judgment. *See* Dkt. 68 (affidavit from plaintiffs' counsel, Andrew J. Levander), 68-1 (invoice and timekeeping records). And, as to each member of plaintiffs' legal team, they have supplied a "reasonable hourly rate" in line with "prevailing [rates] in the community for similar services . . . of reasonably comparable skill, expertise and reputation." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984); *Chambless v. Masters, Mates & Pilots Pension Plan,* 885 F.2d 1053, 1058–59 (2d Cir. 1989).

Accordingly, the Court grants, in full, plaintiffs' application for fees incurred and expenses disbursed in connection with their motion to enforce judgment. *See, e.g.*, *Castillo v. J. Coffey Contracting Inc.*, No. 19 Civ. 5845, 2022 WL 603995, at *2 (E.D.N.Y. Mar. 1, 2022) (granting request for attorney's fees to enforce judgment after defendants failed to comply with payment schedule); *Canada Dry Delaware Valley Bottling Co. v. Hornell Brewing Co.*, No. 11 Civ. 4308, 2013 WL 5434623, at *12 (S.D.N.Y. Sept. 30, 2013) (same where court concluded party "hamper[ed] enforcement of a court order" by failing to adhere to terms of judgment);

*Est. of Mnatle v. Gumpel*, No. 04 Civ. 3575, 2004 WL 2313431, at *1 (S.D.N.Y. Oct. 14, 2004) (same where defendant failed to pay $10,000 in liquidated damages).

SO ORDERED.

Paul A. Engelmayer
PAUL A. ENGELMAYER
United States District Judge

Dated: July 29, 2026
New York, New York